IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CARMILO VANNUCCI, ROCKELL BOGAN**                                    PLAINTIFFS
**and LEKISHA TANAKATSUBO, Each**
**Individually and on Behalf of**
**All Others Similarly Situated**

vs.                                      5:19-cv-5076-TLB

**TEXARKANA BEHAVIORAL ASSOCIATES, L.C.,**                            DEFENDANTS
**and ACADIA HEALTHCARE COMPANY, INC.**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Carmilo Vannucci, Rockell Bogan and Lekisha Tanakatsubo ("Plaintiffs"), each individually and on behalf of others similarly situated, by and through their attorneys Stacy Gibson and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action ("Complaint") against Defendants Texarkana Behavioral Associates, L.C., and Acadia Healthcare Company, Inc. (collectively "Defendants"), and in support thereof do hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1.    Plaintiffs, each individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201 *et seq.*, for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees, as a result of Defendants' commonly applied policy and practice of failing to pay Plaintiffs and all others similarly situated a lawful minimum wage and overtime wages as required by the FLSA and AMWA.

2. As used in this Complaint, the term "Nurses" encompasses Registered Nurses (RNs), Licensed Practical Nurses (LPNs), and Certified Nurse Assistants (CNAs).

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

5. Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims.

6. Therefore, this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

7. The acts and omissions complained of herein were committed and had a principal effect, as described more fully below, within the Fayetteville Division of the Western District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff Vannucci is an individual and resident and domiciliary of Garland County.

10. Plaintiff Vannucci worked for Defendants in Fayetteville as a nurse within the three years preceding the filing of this complaint.

11. Plaintiff Bogan is an individual and resident and domiciliary of Washington County.

12. Plaintiff Bogan worked for Defendants in Fayetteville as a nurse within the three years preceding the filing of this complaint.

13. Plaintiff Tanakatsubo is an individual and resident and domiciliary of Washington County.

14. Plaintiff Tanakatsubo worked for Defendants in Fayetteville as a nurse within the three years preceding the filing of this complaint.

15. At all times material herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA and the AMWA.

16. Defendant Texarkana Behavioral Associates, L.C. ("Behavioral Associates"), is a foreign, limited liability company, registered to do business in the State of Arkansas.

17. Defendant Behavioral Associates' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

18. During each of the three years preceding the filing of this Complaint, Defendant Behavioral Associates had at least four employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, such as medical equipment and computers.

19. Defendant Behavioral Associates was at all times relevant hereto Plaintiffs' employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

20. Defendant Behavioral Associates' registered agent for service of process in Arkansas is The Corporation Company at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

21. Defendant Acadia Healthcare Company, Inc. ("Acadia"), is a foreign, for-profit corporation, headquartered in and registered to do business in the State of Tennessee.

22. Defendant Acadia's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

23. During each of the three years preceding the filing of this Complaint, Defendant Acadia had at least four employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, such as medical equipment and computers.

24. Defendant Acadia was at all times relevant hereto Plaintiffs' employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

25. Defendant Acadia's registered agent for service of process in Tennessee is C T Corporation System at 300 Montvue Road, Knoxville, Tennessee 37919.

26. Defendants jointly operate a psychiatric and mental health treatment center and hospital in Fayetteville under the name Vantage Point of Northwest Arkansas.

27. Defendants' primary business purpose is to provide psychiatric and mental health treatment, and Defendants employ nurses to accomplish this goal.

28. Defendants employed Plaintiffs, including the creation and maintenance of the pay policy applicable to Plaintiffs, the power to supervise, hire, fire and discipline Plaintiffs, and the power to set the schedule and conditions of Plaintiffs' work.

29. Defendants acted jointly as the employer of Plaintiffs and the proposed collective and all Defendants are and have been engaged in interstate commerce as that term is defined under the FLSA and AMWA.

30. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees through unified management.

31. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as single enterprise.

### IV.  FACTUAL ALLEGATIONS

32. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

33. Plaintiff Vannucci worked for Defendants from approximately August of 2017 to September of 2018.

34. Plaintiff Vannucci worked as a Registered Nurse at Defendants' mental health treatment center in Fayetteville.

35. Plaintiff Bogan worked for Defendants within the three years preceding the filing of this complaint.

36. Plaintiff Bogan worked as a Certified Nurse Assistant at Defendants' mental health treatment center in Fayetteville.

37. Plaintiff Tanakatsubo worked for Defendants from approximately August of 2017 to February of 2019.

38. Plaintiff Tanakatsubo worked as a Licensed Practical Nurse at Defendants' mental health treatment center in Fayetteville.

39. Throughout Plaintiffs' employment, Defendants classified Plaintiffs as non-exempt and paid them an hourly rate.

40. Plaintiffs regularly worked more than forty (40) hours in a single workweek.

41. It was Defendants' commonly applied practice not to pay Plaintiffs and other nurses for all the hours during which they performed work for Defendants.

42. Specifically, Plaintiff Vannucci was required to work at home for up to three (3) hours per week.

43. Plaintiff Vannucci performed work for Defendants from home, including working on the computer and completing charts required for patient care.

44. Defendants did not pay Plaintiffs for the hours they worked from home.

45. In addition, it was Defendants' commonly applied policy to deduct lunch breaks from Plaintiffs Bogen and Tanakatsubo's recorded time automatically.

46. Defendants deducted lunch breaks from Plaintiffs' recorded time whether or not Plaintiffs worked through their scheduled lunch breaks.

47. Plaintiffs regularly worked through their scheduled lunch breaks.

48.  As a result of these policies, Defendants failed to pay Plaintiffs and other nurses a lawful minimum wage for all hours worked and a proper overtime premium for all of the hours they worked in excess of forty (40) hours in a week.

49.  At all relevant times herein, Defendants failed to accurately record all of the time worked off-the-clock by Plaintiffs and other nurses and failed to properly compensate all of the off-the-clock hours.

50.  Defendants knew or should have known that the job duties of Plaintiffs required Plaintiffs to work hours in excess of their recorded hours, yet Defendants failed and refused to compensate Plaintiffs for their work as required by the FLSA.

51.  At all times relevant hereto, Defendants were aware of the minimum wage and overtime requirements of the FLSA.

## V.  REPRESENTATIVE ACTION ALLEGATIONS
### FLSA § 216(b) Class

52.  Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

53.  The FLSA Collective consists of all persons who were, are, or will be employed by Defendants as nurses at any time within the applicable statute of limitations period.

54.  The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

55.  The members of the proposed FLSA Collective are similarly situated in that they share these traits:

    a.    They were classified by Defendants as non-exempt from the minimum wage and overtime requirements of the FLSA;

    b.    They were paid hourly rates; and

    c.    They were subject to Defendants' common policy of requiring employees to work time for which they were not compensated.

56.    Plaintiffs are unable to state the exact number of potential members of the FLSA Collective but believe that the class exceeds thirty (30) persons.

57.    Defendants can readily identify the members of the Section 16(b) Collective, which encompasses all nurses within the past three years.

58.    The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## VI.   FIRST CAUSE OF ACTION
### (Individual Claims for FLSA Overtime Violations)

59.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

60.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

61. During the relevant time period, Defendants unlawfully refrained from paying Plaintiffs a lawful minimum wage for all hours worked and an overtime premium for hours over forty per week.

62. Defendants' failure to pay Plaintiffs all overtime wages owed was willful.

63. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.   SECOND CAUSE OF ACTION
### (Collective Action Claim for Violations of the FLSA)

64. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

65. Plaintiffs, each individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

66. At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

67. Defendants classified Plaintiffs and all similarly situated members of the FLSA Collective as non-exempt from the overtime requirements of the FLSA.

68. Despite the entitlement of Plaintiffs and those similarly situated to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiffs and all those similarly situated a lawful minimum wage for all hours worked and an overtime rate

of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

69. In the past three years, Defendants have employed many nurses.

70. Like Plaintiffs, these nurses regularly worked hours for which they were not paid.

71. Because these employees are similarly situated to Plaintiffs, and are owed unpaid wages and overtime for the same reasons, the opt-in class may be properly defined as:

**All nurses within the past three years.**

72. Defendants willfully failed to pay overtime wages to Plaintiffs and to others similarly situated.

73. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### VIII.   THIRD CLAIM FOR RELIEF
#### (Individual Claims for Violation of the AMWA)

74. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

75. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

76. At all relevant times, Defendants were Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

77. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

78. Defendants failed to pay Plaintiffs a lawful minimum wage for all hours worked and an overtime premium for hours over forty per week, as required under the AMWA.

79. Defendants' failure to pay Plaintiffs a lawful minimum wage for all hours worked and an overtime rate of pay for hours worked over forty (40) in a given week was in violation of the AMWA.

80. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

81. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint.

82. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Carmilo Vannucci, Rockell Bogan and Lekisha Tanakatsubo, each individually and on behalf of others similarly situated, respectfully pray for declaratory relief and damages as follows:

A. That each Defendant be summoned to appear and answer herein;

B. That Defendants be required to account to Plaintiffs, the class members, and the Court for all of the hours worked by Plaintiffs and the class members and all monies paid to them;

C. A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

D. A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act and attendant regulations;

E. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying members of the collective action class;

F. Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*; and the Arkansas Minimum Wage Act.

G. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and putative collective members during the applicable statutory period;

H. An order directing Defendants to pay Plaintiffs and members of the Collective prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

I. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**CARMILO VANNUCCI, ROCKELL BOGAN and LEKISHA TANAKATSUBO, Each Individually and on behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ Stacy Gibson
Stacy Gibson
Ark. Bar No. 2014171
stacy@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com